**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

**IN RE:**                                        )
                                                  )
**ANNETTE GRIFFIN,**                              )        No. 09-30889
                            **Debtor.**           )

## O P I N I O N

The matter before the Court are the Trustee's Objections to the Debtor's Amended Claims of Exemptions. The facts are not in dispute. Only questions of law need to be decided.

The Debtor's husband was injured in an accident in 1993. A settlement agreement and a release ("Agreement") was entered into where, in exchange for a release of claims, an annuity was purchased for the claimants' benefit. Both the Debtor and the Debtor's husband are listed as claimants in the Agreement and both signed the Agreement. The Agreement provided for payments, pursuant to an annuity, of $3,900 per month until March 1, 2028, or the death of the Debtor's husband, whichever was longer. The Agreement provided that in the event of the death of the Debtor's husband, the benefits were divided among certain beneficiaries, which included the Debtor. It was only after her husband's death that the Debtor began to receive payments under the Agreement. The Debtor's share of the divided benefits is $325 per month. The Debtor contends these payments are not property of the bankruptcy estate or, alternatively, that they are exempt. The Trustee has filed objections.

The first argument that the Debtor makes is that the payments are not included in her bankruptcy estate under 541(c)(2) of the Bankruptcy Code, 11 U.S.C. § 541(c)(2). Section 541(a) provides in part as follows:

> **§ 541 Property of the estate**
>
> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following

> property, wherever located and by whomever held:
>
> > (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

And § 541(c) provides in part as follows:

> (c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law–
>
> > (A) that restricts or conditions transfer of such interest by the debtor; or
> >
> > (B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.
>
> (2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

Section 541(c)(2) excludes from the bankruptcy estate trust funds where the beneficiary's interest is subject to transfer restrictions enforceable under applicable non-bankruptcy law.

The Debtor contends that persons other than herself created this fund for the benefit of the Debtor and others, and while the Agreement may not be a technical trust, it has trust characteristics and should be treated as such. The Debtor relies on *Morter v. Farm Credit Services*, 937 F.2d 354 (7th Cir. 1991). In *Morter*, the court examined a TIAA-CREF retirement account under New York state law and held that if state law prevents a creditor from reaching certain income payable at a future date, the Bankruptcy Code will treat that income as outside the bankruptcy estate and unreachable by creditors. *Id*. at 356. The court stated that even if a fund is not a spendthrift trust, the controlling factor is whether the beneficiary and his creditors are barred from reaching the funds.

*Id*. at 356. If so, the plan is tantamount to a spendthrift trust and outside the bankruptcy estate. *Id.* at 358. The Debtor argues that in Illinois, when a structural settlement contains anti-assignment provisions, those provisions are enforceable and serve to keep the settlement out of the bankruptcy estate.

The Debtor points to the following language in the Agreement:

> 3. **Claimant's Rights to Payment**
>
> Said payments to Claimant required herein cannot be accelerated, deferred, increased or decreased by the Claimant and no part of the payments called for herein or any assets of the Insured and/or the Insurer is to be subject to execution or any legal process for any obligation in any manner, nor shall the Claimant have the power to sell or mortgage or encumber same, or any part thereof, not [sic] anticipate the same, or any part thereof, by assignment of otherwise.

The Debtor argues that because the fund was set up by the Debtor's husband and the provision was dictated by him, it is not a self-settled trust. Further, the Debtor argues, as she is defined as a claimant in the Agreement, the anti-assignment provision clearly applies to her. This makes the annuity tantamount to a spendthrift trust.

The Trustee agrees with the Debtor that the Agreement clearly defines the Debtor as a claimant, but points out that, while the Debtor argues that this shows that the anti-assignment provisions apply to her, it also necessarily means that as a claimant, she has created a self-settled trust. The Trustee, citing *In re Simon*, 170 B.R. 999, 1002 (Bankr.S.D.Ill. 1994), goes on to argue that Illinois law does not permit one to create a spendthrift trust with one's own property for one's own benefit and that a personal injury plaintiff, who exchanges a property interest in the cause of action of the lawsuit for a settlement that creates a structured settlement or alleged spendthrift trust, is the settlor of the purported trust and a valid spendthrift trust is not created. *Id*. The Trustee further argues that the Debtor also ignores that she is listed as a beneficiary and the Agreement's spendthrift provision does not apply to beneficiaries.

The Debtor argues that her case is distinguishable from *Simon* because she was not the injured party. The Trustee counters that she is defined as a claimant under the Agreement and signed it as such. The Trustee contends that in this case, the Debtor exchanged her pre-petition cause of action, which the Trustee would have been able to assume for the benefit of the bankruptcy estate, for a contractual right to receive periodic payments in the future.

The Trustee's reliance on *Simon*, *supra,* and his argument are controlling. In *Simon*, the debtor tried to exempt an annuity purchased for him as a result of a personal injury settlement. As in the instant case, the settlement documents contained an anti-assignment provision. Bankruptcy Judge Meyers held that the debtor's right to receive payments pursuant to the settlement agreement was a contractual right which vested upon execution of the settlement agreement. *Id*. at 1001. The fact that the payments were structured over time did not change the nature of the debtor's interest in a present right to receive future payments. *Id*. The annuity was merely a mechanism to fund the future payments which the owner was contractually bound to make. *Id*. The court in *Simon*, in finding that the annuity was property of the estate, noted that all indicia of a trust were absent and, even if a trust were present, it was self-settled and invalid as a spendthrift trust under Illinois law. *Id*. at 1002.

Here, the Debtor, herself, was a signatory to the Agreement. In exchange for a release of all claims that she had against the tortfeasor, she accepted a cash settlement and chose to structure that cash settlement in a way that only paid her directly after her husband's death. As a defined claimant under the Agreement, if a trust did result, it was a self-settled trust, and it falls squarely under the rubric of *Simon.* For these reasons, this Court concludes the annuity is property of the bankruptcy estate.

The Debtor contends in the alternative, that even if the annuity is property of the estate, it

is exempt under three sections of the Illinois Exemption Statute found in 735 ILCS 5/12-1001(b), (f) & (h)(4), which provide as follows:

> (b)  The debtor's equity interest, not to exceed $4,000 in value, in any other property;    * * *
> (f)  All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not.
>         * * *
> (h)  The debtor's right to receive, or property that is traceable to:
>         * * *
>
>> (4) a payment, not to exceed $15,000 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent....

In the first of her alternative arguments, the Debtor argues that the payments are exempt under § 12-1001(f) because she is receiving them as a result of the death of her husband. The Trustee points out that the Debtor admits that she was a claimant under the settlement. In fact, the Debtor signed the Agreement and released any claims she had against the tortfeasor. The Trustee argues that the annuity was not established by the death of her husband, but rather was created soon after the Agreement was executed and that the annuity was a personal injury settlement and not the result of the death of the Debtor's husband.

To reiterate, the Debtor chose to receive the payments in this way. She waived her claims against the tortfeasor and chose to structure the payments she was to receive in a certain way. As Bankruptcy Judge Meyers concluded in *Simon*, the periodic payments are not proceeds payable by reason of death. Rather, they are periodic payments contractually established shortly after the Debtor released her claims against the tortfeasor.

Nor can the Debtor avail herself of the personal injury exemption found in § 12-1001(h)(4). The Debtor was not injured and has made no showing that she was dependent on her injured

husband. In fact, at the hearing, the Debtor's counsel admitted that she was separated from her husband at the time of the settlement and remained separated from him for six years.

The last basis of the Debtor's claim of exemption is the wild card exemption found in 735 ILCS 5/12-1001(b), which provides for an exemption in: "(b) The debtor's equity interest, not to exceed $4,000 in value, in any other property...." The Trustee in his brief and at oral argument, did not oppose this claim of exemption.

The wild card exemption may be used to claim any non-business personal property as exempt, whether or not that property appears in the list of specific personal property exempted in § 12-1001 or in any other Illinois exemption provision. *In re Johnson,* 57 B.R. 635, 638 (Bank.N.D.Ill. 1986). Given the broad scope of the wild card exemption, there is nothing to preclude the application of any remaining wild card exemption to the Debtor's interest in the annuity.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

ENTERED: November 23, 2009

                                                     /s/ William V. Altenberger
                                               UNITED STATES BANKRUPTCY JUDGE/4